**Outten & Golden LLP**
Piper Hoffman (PH 4990)
3 Park Avenue, 29th Floor
New York, New York 10016
212-245-1000

JUDGE RAKOFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK
SOUTHERN DISTRICT

| | |
|---|---|
| JENNIFER POLNER, | 08 CV 0330 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| DEUTSCHE BANK, AG, | RECEIVED JAN 1 4 2008 U.S.D.C. S.D. N.Y. CASHIERS |
| Defendant. | |

**COMPLAINT**

**I.   INTRODUCTION**

1.  Jennifer Polner ("Plaintiff" or "Polner") brings this action against Deutsche Bank, AG ("Defendant") to redress gender discrimination and retaliation in employment. Plaintiff brings this action against Defendant pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101, *et seq.* ("New York City HRL"). Plaintiff seeks declaratory and injunctive relief,

back pay, front pay, reinstatement and restoration of seniority, compensatory, nominal, and punitive damages, and attorneys' fees, costs, and expenses and any other legal or equitable relief as the Court deems proper.

## II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 2201, and 2202, and Title VII. This Court has supplemental jurisdiction over Plaintiff's claims under the New York City HRL because they are part of the same case or controversy as her federal claims.

3.   Venue is proper in the Southern District of New York because Defendant committed the unlawful employment practices in this district; Defendant maintains offices and maintains their personnel records in this district; and Plaintiff formerly worked for Defendant in this district and would have continued to work for Defendant in this district but for her unlawful termination.

## III.   CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

4.   Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Specifically, Polner filed a charge of gender discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory action and filed suit within ninety days of receiving a Notice of Right To Sue from the EEOC.

5.   Contemporaneously with the filing of this Complaint, Plaintiff has mailed a copy of same, along with a letter of explanation, to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

6.   Any and all other prerequisites to the filing of this suit have been met.

### IV. PARTIES

7.  Plaintiff Jennifer Polner is a female citizen of the United States and a resident of New York City in the State of New York. Polner worked for Defendant from September 2003 until February 2006, when she was unlawfully terminated based on her gender and in retaliation for complaining about discrimination and retaliatory conduct by Defendant.

8.  Defendant Deutsche Bank AG is a global investment bank doing business in the State of New York. Deutsche Bank employs approximately 77,920 employees in 76 different countries. Defendant provides financial services to agencies, corporations, private individuals, and governments in the United States. Defendant maintains its Region Headquarters in New York City. Defendant meets the definition of "employer" and is therefore subject to suit under Title VII and New York City HRL.

### V. STATEMENT OF FACTS

9.  Plaintiff began her employment with Defendant in September 2003 as an Associate for a Taxable Fixed Income Liaison trading desk in the Private Wealth Management department. In February 2004, Plaintiff became an Assistant Vice President and in February 2005, she became a Vice President, which is the position she held until she was unlawfully terminated in February 2006.

10. During her employment with Defendant, Polner was adversely affected by Defendant's systemic pattern or practice of gender discrimination and retaliation, including Defendant's subjective and discriminatory promotion, performance evaluation, discipline, and termination policies, practices, and procedures and other unequal terms and conditions of employment.

11. During Polner's employment with Defendant, Defendant subjected her to

discriminatory treatment because of her gender. After Polner raised her concerns of inequitable and discriminatory treatment, Defendant subjected her to further gender discrimination and retaliation, including: denying her a promotion; giving her a low bonus; subjecting her to greater scrutiny than her male colleagues; giving her a poor performance evaluation; subjecting her to unfair discipline up to and including her termination; and subjecting her to other unequal terms and conditions of employment.

12. When Defendant hired Polner as an Associate, she was told that the next level in her job series was Vice President. However, when Polner became eligible for promotion in February 2004, Defendant promoted her to the position of Assistant Vice President as opposed to Vice President. In contrast, Defendant promoted a less experienced male employee, Brian Van Elswyk, to the position of Vice President directly from the Associate position. Defendant also hired another equally or less experienced male, Christopher Hatch, directly to the position of Vice President. Defendant did not promote Polner to the position of Vice President until February 2005.

13. In 2004, Defendant gave Polner a significantly smaller bonus than she had been told that she would receive at the time Defendant hired her. Upon information and belief, similarly situated male employees received higher bonuses.

14. In May 2004, Defendant hired Kathleen Bradford as Polner's manager. Bradford treated Polner in a discriminatory manner, including by making discriminatory comments about women about and in front of her. Bradford stated that she had no intention of hiring a woman for a newly vacant position. Bradford also treated male employees in a preferential manner in the terms and conditions of employment.

15. In March 2005, Polner raised her concerns of inequitable treatment to Bradford, who

responded that perhaps she should "get rid of" Polner. Shortly thereafter, Polner raised her concerns of discriminatory treatment to Bradford's supervisor, Hardy Manges. Manges dismissed Polner's concerns. Accordingly, Polner raised her concerns of discriminatory treatment to Human Resources.

16. In June 2005, Bradford informed Polner that she was angry that Polner had spoken to Human Resources and to Manges about her concerns, stating that it did not score her any "brownie points."

17. At the end of the year in 2005, Bradford and Manges gave Polner a poor performance review, which did not accurately reflect her performance. In addition, Bradford gave Polner a written warning, which also contained factual inaccuracies, for purported errors Polner had made. When Polner tried to discuss the warning with Bradford, Bradford commented in a disparaging and discriminatory manner that perhaps Polner was better suited to be a social worker.

18. In January 2006, Defendant revised Polner's written warning, but it still contained misstatements and faulted Polner for errors that she did not commit.

19. Shortly after receiving the revised written warning, Polner contacted Human Resources and raised her concerns that Bradford continued to discriminate against her and also was retaliating against her because of her earlier complaints of disparate treatment.

20. On January 26, 2006, Human Resources informed Polner that Defendant was placing her on an unpaid leave of absence pending an investigation of her claims of discrimination and retaliation.

21. On February 20, 2006, Defendant informed Polner that it had concluded its investigation of her complaint of discrimination and retaliation. Defendant concluded from its investigation that inappropriate comments were made. However on the very next day, February 21,

2006, Defendant terminated Polner's employment.

22. As a result of Defendant's discriminatory actions, Polner has suffered emotional and economic harm.

## VI. PLAINTIFF'S CLAIMS

### COUNT ONE

**(Discrimination on the Basis of Gender in Violation of
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)**

23. Plaintiff restates and re-alleges paragraphs 1 through 22 as though set forth here in full.

24. Defendant has discriminated against Plaintiff with respect to the terms and conditions of her employment, including, but not limited to, subjecting her to disparate treatment and discipline, harassment, and unlawfully terminating her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991.

25. The Defendant's conduct has been disparate, intentional, deliberate, willful, and conducted in callous disregard of the rights of the Plaintiff.

26. By reason of the Defendant's discrimination, the Plaintiff is entitled to all legal and equitable remedies available under 42 U.S.C. §2000e, including, but not limited to, back pay, front pay, reinstatement, restoration of lost benefits and seniority, attorney fees, and compensatory and punitive damages.

## COUNT TWO

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)**

27. Plaintiff restates and re-alleges paragraphs 1 through 22 as though set forth here in full.

28. Defendant retaliated against Plaintiff for her statutorily protected opposition to Defendant's discriminatory conduct in violation of Title VII.

29. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

30. Plaintiff complained to Defendant's management regarding its discriminatory practices. In retaliation for Plaintiff engaging in this protected activity, Defendant unlawfully terminated her employment.

31. As a result of Defendant's retaliation, Plaintiff suffered harm in the form of mental, emotional, and economic injury.

32. By reason of Defendant's illegal retaliation, Plaintiff is entitled to all equitable and legal remedies available under Title VII, including, but not limited to, back pay, front pay, reinstatement, restoration of lost benefits and seniority, attorney fees, and compensatory and punitive damages.

## COUNT THREE

**(Discrimination on the Basis of Gender in Violation of the New York City Human Rights Law, N.Y. City Administrative Code §§8-101, *et seq.*)**

33. Plaintiff restates and re-alleges paragraphs 1 through 22 as though set forth here in full.

34. Defendant has discriminated against Plaintiff with respect to the terms and conditions of her employment, including, but not limited to, subjecting her to disparate treatment and discipline, harassment, and unlawfully terminating her in violation of the New York City Human Rights Law, N.Y. City Administrative Code §§8-101, *et seq*.

35. Defendant's conduct has been disparate, intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

36. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available, including, but not limited to, back pay, front pay, reinstatement, restoration of lost benefits and seniority, attorney fees, and compensatory and punitive damages.

### COUNT FOUR

**(Retaliation in Violation of the New York City Human Rights Law, N.Y. City Administrative Code §§8-101, *et seq*.)**

37. Plaintiff restates and re-alleges paragraphs 1 through 22 as though set forth here in full.

38. Defendant retaliated against Plaintiff for her statutorily protected opposition to Defendant's discriminatory conduct in violation of the New York City HRL.

39. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

40. Plaintiff complained to Defendant's management regarding its discriminatory practices. In retaliation for Plaintiff engaging in this protected activity, Defendant unlawfully terminated her employment.

41. As a result of Defendant's retaliation, Plaintiff suffered harm in the form of mental, emotional, and economic injury.

42. By reason of Defendant's illegal retaliation, Plaintiff is entitled to all equitable and legal remedies available under the New York City HRL, including, but not limited to, back pay, front pay, reinstatement, restoration of lost benefits and seniority, attorney fees, and compensatory and punitive damages.

### VII. PRAYER FOR RELIEF

43. Wherefore, Plaintiff requests the following relief:

   A. A declaratory judgment that Defendant's employment policies, practices, and procedures challenged herein are illegal and in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq*, and the New York City Human Rights Law, N.Y. City Administrative Code §§8-101, *et seq*;

   B. A permanent injunction against Defendant and its partners, officers, owners, agents, successors, employees, and representatives, and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs, or usages, and gender discrimination as set forth herein;

   C. An Order requiring Defendant immediately to reinstate Jennifer Polner into the position she would have held but for the unlawful discharge and to adjust her seniority accordingly;

   D. An Order directing Defendant to restore and adjust the wage rates and benefits for Jennifer Polner to the level that she would be enjoying but for Defendant's discriminatory and retaliatory policies, practices, and procedures;

   E. An award of compensatory, nominal, and punitive damages;

F. An award of back pay, front pay, lost benefits, preferential rights to jobs, and other damages for lost compensation and job benefits suffered by Jennifer Polner;

G. An award of litigation costs and expenses, including reasonable attorneys' fees, to Jennifer Polner;

H. Pre-judgment interest;

I. Such other and further relief as the Court may deem just and proper, and;

J. Retention of jurisdiction by the Court until such time as the Court is satisfied that Defendant has remedied the practices complained of herein and is determined to be in full compliance with the law.

X. **JURY DEMAND**

Plaintiff demands a trial by jury of all issues triable of right to a jury.

Respectfully submitted this 14th day of January, 2008.

_____
Piper Hoffman (PH 4990)

**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000

Lori B. Kisch (DC Bar No. 491282) (*pro hac vice* application forthcoming)
**WIGGINS, CHILDS, QUINN & PANTAZIS PLLC**
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
(202) 467-4123

*ATTORNEYS FOR THE PLAINTIFF*

10